IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARCHWAY INSURANCE, et al.      :            CIVIL ACTION
                                  :            NO. 09-2711
      v.                         :
                                    :
JAMES RIVER INSURANCE COMPANY   :

O'NEILL, J.                                        APRIL 28, 2010

MEMORANDUM

On April 9, 2009 plaintiff Archway Insurance, an assignee of The Ardsley Group, filed suit against defendant James River Insurance Company in the Philadelphia County Court of Common Pleas. On June 15, 2009, defendant removed the case to this Court.[1] On April 6, 2010, I granted defendant's unopposed motion to compel full and complete responses to defendant's requests for documents. In that Order, I also awarded reasonable attorneys' fees and costs associated with the preparation and presentation of the motion to compel. On April 7, 2010, defendant submitted an affidavit detailing the costs it incurred preparing the motion. On April 13, 2010, plaintiff filed a motion to reconsider my April 6, 2010 Order. Defendant filed a response on April 14, 2010. The motion is now ripe for disposition.

STANDARD OF REVIEW

This Court has a strong interest in the finality of judgments. Motions for reconsideration will therefore be granted sparingly. Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Such a motion will be granted only where the party seeking reconsideration has demonstrated: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the

---

[1]       The case was reassigned to me from a colleague's docket on April 5, 2010.

need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

## DISCUSSION

Plaintiff requests that I reconsider my decision to award defendant reasonable attorneys fees incurred in preparing the motion to compel. I granted that motion because it was unopposed. Plaintiff now asserts that it did not file a timely response to the motion to compel because of "an administrative error." Plaintiff's assertion does not fit into any of the three narrow circumstances in which a motion for reconsideration will be granted. See Max's Seafood Café, 176 F.3d at 677. Plaintiff's motion for reconsideration of this ruling will therefore be denied.

Plaintiff also asks that I reduce the attorneys' fees requested by defendant. It argues that defendant requests "an outrageous and absurd amount." I disagree. Defendant filed an affidavit of Steven D. Johnson, a director in defendant's law firm, asserting under oath that defendant incurred costs of $3,859.50 in preparing the motion to compel. Johnson's time was billed at $295.00 per hour and the time of his colleagues, Sean P. Mahoney and Matthew T. Stone, was billed at $175.00 per hour. In total, the group worked for 21.30 hours on the motion to compel.

At the outset, I find the hourly rate of each of the attorneys who worked on this motion to be reasonable. Indeed, plaintiff does not dispute the reasonableness of the firm's rates. It instead focuses on the number of hours billed, which it labels "repetitive, duplicative, and outrageous." Review of the motion at issue reveals a sixteen page memorandum of law, a two page draft order, five exhibits and a two page cover letter. The memorandum of law includes a detailed factual

background and procedural history, an exhaustive discussion of the relevant standard of review and a thoughtful legal argument. No part of the memorandum appears to have been, as plaintiff baldly asserts, "cut and pasted on defense counsel's computer/word processor." Quite to the contrary, the document contains a legal argument carefully tailored to the facts at hand. I have no trouble concluding that defendant's law firm spent 21.30 hours on the motion.

CONCLUSION

For the reasons discussed <u>supra</u>, I will deny plaintiff's motion for reconsideration. I will also deny plaintiff's motion to reduce the attorneys' fees requested by defendant because I find the request to be reasonable.

An appropriate Order follows.